# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

GE Seaco SrL.,

               Plaintiff,

    -against-

Fuzhou Sinostar Shipping Co. Ltd., a/k/a Fuzhou
Zhongda Shipping Co. Ltd., Winner Shipping
(Fujian) Co. Ltd., a/k/a Fujian Wanda Shipping Co.
Ltd., and Wanzhou Shipping (Fuzhou) Co. Ltd.
a/k/a Fuzhou Wanzhou Shipping Co. Ltd.

               Defendants.

------------------------------------------------------------X

**SUMMONS IN A CIVIL ACTION**

Case No. 09 Civ. 7561 (SHS)

09 CIV 7561

JUDGE STEIN

**TO**: (name and address of defendants)

Fuzhou Sinostar Shipping Co. Ltd.,
a/k/a Fuzhou Zhongda Shipping Co. Ltd.
4F Hua Yuan Building, No. 92 Dong Da Road, Gu
Lou District, 350001 Fuzhou, P.R. China.

Winner Shipping (Fujian) Co. Ltd., a/k/a
Fujian Wanda Shipping Co. Ltd.
Kuai An Cun, Mawei District, Fuzhou,
Fujian Province 350015, P.R. China.

Wanzhou Shipping (Fuzhou) Co. Ltd.
a/k/a Fuzhou Wanzhou Shipping Co. Ltd.
Unit 02, 11F, ZhiDi Square, No. 89, WuSi Road,
Fuzhou 350001, P.R. China.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY
(name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, 10th Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. M[...]N

AUG 31 2009

CLERK                                                       DATE

DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GE Seaco SrL,

                  Plaintiff,

                -against-

Fuzhou Sinostar Shipping Co. Ltd., a/k/a
Fuzhou Zhongda Shipping Co. Ltd.,
Winner Shipping (Fujian) Co. Ltd., a/k/a
Fujian Wanda Shipping Co. Ltd., and
Wanzhou Shipping (Fuzhou) Co. Ltd. a/k/a
Fuzhou Wanzhou Shipping Co. Ltd.

                  Defendants.
------------------------------------------------------X

09 Civ.

VERIFIED COMPLAINT

09 Civ. 7561 (SHS)



PLEASE TAKE NOTICE that Plaintiff, GE SEACO SRL, ("GE SEACO"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, Fuzhou Sinostar Shipping Co. Ltd., a/k/a Fuzhou Zhongda Shipping Co. Ltd. ("SINOSTAR"), Winner Shipping (Fujian) Co. Ltd., a/k/a Fujian Wanda Shipping Co. Ltd. ("FUJIAN"), and Wanzhou Shipping (Fuzhou) Co. Ltd. a/k/a Fuzhou Wanzhou Shipping Co. Ltd. ("WANZHOU"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country with a place of business located at Chancery House, High Street, Bridgetown, Barbados.

    3.    Defendant SINOSTAR is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at 4F Hua Yuan Building, No. 92 Dong Da Road, Gu Lou District, 350001 Fuzhou, P.R. China.

4.  Defendant SINOSTAR is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at 26D, Hongli Building, No. 168 Hu Dong Road, Gu Lou District, Fuzhou, P.R. China.

5.  Defendant FUJIAN is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at Kuai An Cun, Mawei District, Fuzhou, Fujian Province 350015, P.R. China.

6.  Defendant WANZHOU is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at Unit 02, 11F, ZhiDi Square, No. 89, WuSi Road, Fuzhou 350001, P.R. China.

7.  Plaintiff, as lessor, and Defendants, as lessees, entered into a series of agreements for the lease of containers for the purpose of oceangoing trade.

8.  Under the terms of the agreements, Defendants were required to provide rental payments to Plaintiff for the use of the container equipment at times determined by the agreements.

9.  Under the terms of the agreements, Defendants were joint and severally liable for any and all liability and/or damages caused by any one of the Defendants.

10. Defendants breached the agreements by, unlawfully and in contravention of the terms of the agreements, failing to provide rental payments in the amount of $179,567.22, as well as accrued interest thereon.

11. As a result of Defendants' failure to provide rental payments, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements and at law.

12. In accordance with the terms of the agreements, Plaintiff provided Defendants

with a Notice of Default and Termination of the agreement between the parties.

13. Under the terms of the agreements, Defendants were required to return all leased containers upon receipt of Plaintiff's Notice of Default and Termination.

14. Defendants breached the agreements by unlawfully and in contravention of the terms of the agreements, failing to return Plaintiff's containers.

15. As a result of Defendants' failure to return Plaintiff's containers, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements and at law.

16. Under the terms of the agreements, Defendants were required to provide Plaintiff with the depreciated replacement value of any containers that were not returned to Plaintiff.

17. Presently, the depreciated replacement value of all containers that have not been returned to Plaintiff is $1,999,392.00, which is due and owing to Plaintiff.

18. Defendants breached the agreements by unlawfully and in contravention of the terms of the agreements, failing to pay the depreciated replacement value for any containers that were not returned to Plaintiff.

19. As a result of Defendants' failure to pay for the containers' depreciated replacement value, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements and at law.

20. Plaintiff has commenced proceedings in the People's Republic of China seeking to recover under the referenced claims.

21. Under Chinese law, interest, and costs are routinely awarded to the prevailing party.

22. As a result of Defendants' breach of the agreements, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

Principal Claims

| | |
|---|---|
| Lease payments | $179,567.22 |
| Container replacement value | $1,999,392.00 |
| Subtotal | $2,178,959.22 |
| Interest compounded yearly for 3 yrs at 6.5% | $453,113.75 |
| Total | $2,632,072.97 |

23. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

24. All conditions precedent required of Plaintiff in the aforesaid agreements have been performed.

25. Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse and/or UBS, which are believed to be due and owing to Plaintiff.

26. For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the

Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $2,632,072.97 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry

12/3913                                    5

12/3913

of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

        D.    That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, New York
              August 28, 2009

                                 Respectfully submitted,
                                 MAHONEY & KEANE, LLP
                                 Attorneys for Plaintiff
                                 GE SEACO SRL

                 By:    _____
                                 Edward A. Keane
                                 11 Hanover Square, Tenth Floor
                                 New York, New York 10005
                                 (212) 385-1422

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, GE SEACO SRL, and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:    New York, New York
          August 28, 2009

_____
Edward A. Keane

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 28th DAY OF Aug, 2009,
BY Edward A. Keane

NOTARY PUBLIC
JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6126023
Qualified in New York County
Term Expires 06/06/2009 13

12/3913                                              7